# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**BRIAN ANTONIO WATTS**                                                              **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:08cv95-LRA**

**RANKIN COUNTY, MISSISSIPPI, ET AL**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Brian Antonio Watts [hereinafter "Plaintiff"], *pro se,* and Michelle Tolle High, counsel for Rankin County and Sheriff Ken Dickerson, [hereinafter "Defendants"] appeared before the undersigned United States Magistrate Judge on the 17th day of December, 2008, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915(e)(2)(ii) and § 1915A. These statutes require the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in §1915A as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitated the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. Defendant Rankin County filed a Motion to Dismiss [#20] prior to the omnibus hearing, and that motion is presently before the Court. All Defendants orally moved to dismiss the case against them at the omnibus hearing, and the motion was taken under advisement by the undersigned. Plaintiff has not filed a written response to the motions, but his sworn testimony is being considered in response.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 30] entered by Chief District Judge Henry T. Wingate on March 4, 2009. After due consideration of the Complaint, as augmented by Plaintiff's sworn testimony in the omnibus hearing, and after due consideration of the Motion to Dismiss and the applicable law, the Court does hereby find that Plaintiff's claims are barred by the applicable statute of limitations and must be dismissed for the reasons set forth herein.

At the omnibus hearing, defense counsel submitted copies of the pleadings in State of Mississippi v. Brian A. Watts, Cause No. 14007 in the Circuit Court of Rankin County; these documents were authenticated and admitted at the omnibus hearing as Exhibit A. Plaintiff's "booking sheet" from the Rankin County Jail was also admitted at the hearing as Exhibit B. These pleadings confirm that Plaintiff was arrested for attempted rape on

October 27, 2001, by the Pearl Police Department. He plead guilty to assault with intent to ravish on August 28, 2002.

Plaintiff has named as Defendants RANKIN COUNTY, MISSISSIPPI, SHERIFF KEN DICKERSON, and JOHNNY HARRIS. Johnny Harris was the arresting officer, and process issued for him at the Rankin County Jail. The process was returned unexecuted on August 27, 2008, with the notation that his correct name was JOHNNY HAROLD, and that he worked at the Pearl Police Department. According to defense counsel, he no longer works for that department, and they have no current address for him wherein he could now be served with process. Plaintiff acknowledged that he has no current address for JOHNNY HAROLD, and the Court has no jurisdiction over Mr. Harris or Harold. Although Plaintiff initially named "Mr. Dan" as a defendant, by Order [#15] filed August 12, 2008, process did not issue for "Mr. Dan."

Plaintiff's initial Complaint was filed on February 15, 2008, and it stated the following:

> The court in Rankin County presented me with a plea that I was [sic] able to comprehend because I am illiterate, therefore I pleaded guilty no [sic] knowing the consequences.

Complaint, Document 1, p. 4.

Plaintiff was ordered to amend his complaint [#5, 6 & 12], and he amended the complaint, quoted as follows:

> As I was getting off from work I went to Pearl Park I heard a noise that sounded like a scream and realized it was a male and female making out in a car I walked up to the car to see who it was and then I left and went to Margo's station to get a drink of water then I went to Krystal restaurant to get something to eat and that's when the police rushed up to me and began to assault me. They grabbed me and throwed me up against the police car then I falled to the ground and they began to put their knees and feet in the middle of my back and

3

> that's how they hurted my back and as I began to stand up they began to continue to assault me and after putting the handcuffs on and throwing me in the back seat of the police car I told Officer Johnny Harris that the handcuffs were too tight and he said don't worry about it because you'll be in Rankin Co. eating peanut butter sandwiches with the rest of them.

Amended Complaint, document 9, p. 4.

Plaintiff also filed a response [#14] to the Court's Orders, and this response was accepted as a further amendment to his Complaint. It is quoted as follows:

> Plaintiff would like to add Mr. Johnny Harris, Mr. Dan, as named Defendants.
>
> Plaintiff would like the court to know that there were more involved but Plaintiff don't know their names.
>
> Defendant Rankin County violated Plaintiff constitutional rights by being the jail that were suppose to hold and safely keep Plaintiff until further notice.
>
> Defendant Ken Dickerson violated Plaintiff rights by throwing Plaintiff to the ground and beating him.
>
> Defendant Johnny Harris violated Plaintiff rights by throwing Plaintiff to the ground and holding Plaintiff while other officers hit him.
>
> Defendant Mr. Dan came to my job and arrested and threw Plaintiff onto the floor at Plaintiff job and hit Plaintiff in the face. Plaintiff suffer a swollen face sprang ankle and lots of pain and suffering due to back pains.

Amended Complaint, document 14, p. 1.

Plaintiff testified under oath at the omnibus hearing, augmenting his claims against these Defendants. He testified that he had already broken his back many years ago, long before he was arrested on October 27, 2001. He was supposed to have had surgery, but it had "slipped his mind" to have it. When the Pearl Police Department arrested him, they

4

threw him up against the car, and this "rebroke" his back. Johnny Harris put his handcuffs on too tight, and this caused swelling. They also beat him up, and took him to the Rankin County Jail in this condition. His leg was swollen up for three-four months, and he was sick in the jail for that period. He intends to have surgery on his back when he gets released in 2012. According to Plaintiff, Rankin County did not really do anything; his claims are actually against the Pearl Police Department.

Plaintiff testified that the events about which he complains occurred on October 27, 2001. He entered his guilty plea on August 28, 2002. In the omnibus hearing, Plaintiff did not complain regarding the validity of his guilty plea, as he did in his initial Complaint, document 1. This assertion does not state a civil claim for damages under 42 U.S.C. §1983 and was abandoned by Plaintiff at the hearing.

Plaintiff filed suit pursuant to 42 U.S.C. §1983, which provides no specified federal statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).

Federal law governs the *characterization* of a section 1983 claim for limitations purposes, and the Supreme Court has held that a "simple, broad" characterization of all section 1983 claims for limitations purposes best fits the statute's remedial purposes. Wilson v. Garcia, 471 U.S. 261, 272, 279-280 (1985). Specifically, the Court found that the characterization of all section 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute would not fairly serve the federal

interests vindicated by the act. *Id.* Therefore, the law is that each state's personal injury statute is the appropriate statute of limitations period to apply in section 1983 cases.

To determine the applicable statute, "federal courts borrow the forum state's general or residual personal injury limitations period." Rodriguez, 963 F.2d at 803; Owens v. Okure, 488 U.S. 235, 249-50 (1989). For cases brought in Mississippi, the three year statute of limitations of MISS. CODE ANN. § 15-1-49 (Supp. 2005) applies. James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990); Shelby v. McAdory, 781 F.2d 1053, 1054 (5th Cir. 1986). A federal court should also give effect to the forum state's applicable tolling provisions. Rodriguez, 963 F.2d at 803. However, the State of Mississippi does not provide a tolling provision for incarceration.

The Plaintiff's own sworn testimony confirms that he was aware of his injury on August 27, 2001, the night he was allegedly beaten. Therefore, the limitations period expired in three years, or on August 28, 2004. Because Plaintiff's claims accrued more than three years prior to his filing of the present action on February 15, 2008, his Complaint is time-barred. Plaintiff has thus failed to present a claim against any of these named Defendants which would entitle him to the requested relief. Therefore, this case will be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(ii).

Since this case is dismissed pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(ii), it will be counted as a "strike".[1] If Plaintiff receives

---

[1] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if

"three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that Defendant Rankin County, Mississippi's Motion to Dismiss [#20] is **granted**, and Final Judgment in its favor shall be entered**.** As to Defendant Ken Dickerson, and to Johnny Harris a/k/a Johnny Harold, who has not been served with process, this case is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(ii). A Final Judgment in favor of all Defendants shall be entered on this date.

IT IS SO ORDERED, this the 31st day of July, 2009.

S/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE

---

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.